AYRES, Judge.
This is, as was pointed out in the initial hearing before this court, an action upon a fidelity bond (241 So.2d 567 (1970 — writ refused, 1971)).
The issues relating to defendant’s liability were resolved against defendant. Nevertheless, we had some apprehension as to the sufficiency of the proof to sustain a judgment with respect to plaintiff’s losses, as well as with reference to the expenses, and attorney’s fees incurred in the taking of depositions to establish the genuineness of certain documents, the truth of which defendant would not, or, at least, did not, admit. This cause was therefore remanded, and ordered reopened for the introduction of any additional evidence by either plaintiff or defendant bearing upon, establishing, or disproving any losses claimed by plaintiff under defendant’s bond, and, if any, the extent and amount of such losses, as well as for the introduction of any additional evidence relative to the cost or expenses incurred in the taking of the aforesaid depositions.
For an understanding of the nature of this cause, we may reiterate that Hudson, as the owner of abstract businesses in Many and Mansfield, employed and engaged the services of Samuel O. McCan to manage and operate these businesses. Defendant, Maryland Casualty Company, in the fidelity bond executed by it, agreed to indemnify Hudson to the extent of $10,000.00 against any loss of money or other property which Hudson might sustain through any fraudulent or dishonest act or acts of McCan. In this connection, it may be pointed out that in January, 1968, unannounced and without notifying or accounting to Hudson, McCan mysteriously left the vicinity. His whereabouts, so far as this court is informed, are still unknown.
Upon a hearing in the court below on the remand, a stipulation was entered into between counsel in lieu of the taking of additional testimony. It was therein recited that plaintiff, Hudson, offered as additional evidence the following:
A. Photostatic copies of 128 checks, photostatic copies of 12 deposit slips, and a machine copy of the two ledger sheets from the records of The Peoples State Bank, Many, Louisiana, covering the deposits and withdrawals from a checking account in the names of “Mr. Sam McCan or Mrs. Sam McCan” for the inclusive dates of November 14, 1967, to January 25, 1968;
B. An itemization of the time plaintiff’s counsel expended in connection with the request made upon the defendant for the admission of facts and the genuineness of certain documents, the taking of depositions in Many, Louisiana, the preparation and handling in court of the proceedings to have defendant pay the costs of obtaining evidence to establish the existence of the requested facts and documents; and
C. An itemization of the expenses incurred by plaintiff’s counsel in arranging for and in the taking of the depositions in Many, in traveling to and from Many, and the cost of a court reporter to take and transcribe the depositions.
Defendant, Maryland Casualty Company, offered no additional evidence.
Upon trial on the rehearing, plaintiff was awarded judgment for the expenses and attorney’s fees referred to in Stipulations B and C in the sum of $599.77, but otherwise his demands were rejected. From this judgment plaintiff appealed devolutively and the defendant, suspensively and devolutively.
With respect to plaintiff’s claim for attorney’s fees and costs incurred in establishing the genuineness of certain documents which defendant failed to admit, we may point out that these documents were *807 listed and discussed in some detail in our original opinion. However, itemized statements, made a part of the stipulation, show that the actual expenses incurred aggregated $99.77. Itemized, also, are counsel’s hours of service rendered in the preparation of and in the taking of the depositions which aggregate 13J4 hours. The $500.00 fee allowed is reasonable. No contention is made to the contrary.
In our original opinion we listed the principal items of loss claimed by plaintiff. Each of these claims will now receive our consideration based on the evidence originally introduced and on the stipulation entered into on the remand.
The first of these items consists of a check for $5,000.00 given by J. E. Wright, clerk of court of Sabine Parish, on November 21, 1967, payable to Vandegaer Abstract Company. During the year 1967, the clerk had contracted with the abstract company to do certain work for his office for a price of $20,000.00. By the end of the year the contract had been substantially performed. In the meantime, periodic payments had been made on the contract. The aforesaid check comprised one of those payments. Wright identified the original check as well as a photographic copy. Each disclosed, and Wright so testified, that McCan received the original check and endorsed it. Bank records, including a deposit slip and an entry on the bank’s ledger of McCan’s personal account, showed that this $5,000.-00 check was endorsed by McCan and deposited and credited to his personal account in The Peoples State Bank, Many, Louisiana.
John J. Blake, Jr., president of The Peoples State Bank, testified, from the bank’s records, that the aforesaid check of the clerk of court was deposited in McCan’s personal account and, moreover, following that deposit, no disbursements were made out of that account to Vandegaer Abstract Company other than possibly $100.00 on December 2, 1967.
The record also discloses that the abstract companies sustained fire losses covered by insurance. The losses were paid by two checks of the Vandegaer Insurance Agency aggregating $582.15, the first for $256.80, payable jointly to Vandegaer Abstract Co., Inc., and Mansfield Abstract Co., and the second for $325.35, payable to Vandegaer Abstract Co., Inc. J. B. Van-degaer, operator of the Vandegaer Insurance Agency, identified the checks given by him for the fire losses sustained by the abstract companies and testified as to their delivery to McCan. These checks were endorsed by McCan and deposited in his personal account. The evidence that these checks were deposited on November 28, 1967, in McCan’s personal account was supported by the testimony of John J. Blake, Jr., president of The Peoples State Bank.
Through the testimony of R. S. Thomp-kins, president of the Sabine State Bank & Trust Co., in Many, and the bank records and other documents offered in connection therewith, it was established that the bank made a loan to McCan on August 25, 1967, for the sum of $6,683.43, which was secured by an assignment of invoices for work done by Vandegaer Abstract Company for the Boise-Cascade Corporation in the amount of $7,516.00. The proceeds of that loan, however, were made payable by the bank to the District Director of Internal Revenue to pay assessments of withholding tax due by the Vandegaer Abstract Company and Sam McCan. Receipts of the Internal Revenue Service confirmed that the proceeds of the loan were so used. This evidence accounts for this expenditure for and on behalf of the abstract company. The payment obviously inured to the use and benefit of the abstract company.
Nevertheless, upon payment of the invoices by Boise-Cascade Corporation to the bank on December 5, 1967, after making allowance for interest and discount on the loan, there was a balance of $326.82. The bank issued a bank money order for this amount payable to Vandegaer Abstract. On the endorsement of Vandegaer Abstract Company, followed by the endorsement of Sam McCan, the order was paid on December 6, 1967.
*808 For the aforesaid reasons, the conclusion is to us inescapable that by virtue of McCan’s fraudulent and dishonest acts in depositing funds of his employer in his personal account, and in thus converting funds of his employer to his own use, the employer has sustained damages which defendant agreed to indemnify.
Defendant contended that the pledge of the invoices for work done and charged to Boise-Cascade Corporation antedated the date of defendant’s bond, and hence it assumed no responsibility with respect to that transaction. In this connection it may be noted, however, that McCan, on December 5, 1967, came into possession of the difference between the invoices and the loan for which they were pledged, at which time the bond was in full force and effect.
By way of summary, we now list the losses which we hold to have been sustained by plaintiff and for which defendant is liable :
Check of J. E. Wright, clerk of court, Sabine Parish, for services performed for the abstract company $5,000.00
Difference in invoices for work charged to Boise-Cascade Corporation pledged as security for a loan and the loan itself 326.82
Fire losses sustained by the abstract companies, converted by McCan to his personal use 582,15
Total $5,908.97
Credit to the account of Vandegaer Abstract Company 100.00
Net loss $5,808.97
For the foregoing reasons, we conclude that plaintiff has not only established a prima-facie case as to his losses, but that such losses have been established to a legal certainty by a preponderance of the evidence.
We further conclude, however, the record does not establish that the defendant acted arbitrarily or without probable cause in failing or refusing to amicably settle these losses. We are convinced its defenses were made in good faith. We find no justification to award penalties and attorney's fees.
Therefore, for the reasons assigned, the judgment appealed is increased from $599.-77 to $6,408.74, with legal interest thereon from judicial demand until paid, and, as thus amended, is affirmed at defendant’s cost.
Amended and affirmed.
HALL, J., dissenting in part with written reasons.